[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 4, 2006
THOMAS K. KAHN
CLERK

No. 06-12134
Non-Argument Calendar
_____

BIA No. A96-014-026

ELVIS MARKU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(October 4, 2006)**

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Petitioner Elvis Marku is a native and citizen of Kosovo. On December 12, 2002, the former Immigration and Naturalization Service issued a Notice to Appear charging Marku as an alien who, at the time of his application for admission, was not in possession of a valid unexpired immigrant visa or valid entry document. Marku appeared with counsel before an Immigration Judge ("IJ") and conceded removability. He then applied for asylum, withholding of removal, and protection under the U.N. Convention against Torture ("CAT").

An IJ heard his application on October 22, 2004. After Marku had testified and the presentation of evidence closed, the IJ denied Marku's application in full and entered an order of removal. The IJ found that Marku failed to provide sufficient evidence to show that he had a well-founded fear of persecution based on any of the five grounds enumerated by the Immigration and Naturalization Act ("INA"). The IJ also made an adverse credibility finding regarding Marku's testimony. He found that the testimony lacked any corroboration and that there were major inconsistencies between what Marku said at the hearing and the statements he had given at his credible fear interview and in his asylum application. Finally, Marku's testimony failed to establish the existence of country-wide persecution.

On March 9, 2006, the Board of Immigration Appeals ("BIA") affirmed the IJ's decision, including his adverse credibility finding. The BIA also held that

Marku failed to meet his burden of proof – he offered no testimony or documents to support his claim of persecution.

Marku now seeks review of the BIA's decision, contending that the BIA erred by affirming the IJ's adverse credibility finding and that both the IJ and the BIA erred in finding that he failed to provide sufficient credible evidence to establish a nexus between the harm he suffered or feared and any of the protected grounds for asylum.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Nreka v. United States Att'y Gen., 408 F.3d 1361, 1368 (11th Cir. 2005). Because the BIA mostly adopted and affirmed the IJ's decision and added comments of its own, we review both.

To the extent that the BIA's or IJ's decision was based on a legal determination, our review is de novo. D-Muhumed v. United States Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004). The IJ's and BIA's factual determinations are reviewed under the substantial evidence test, and we should "affirm the [IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Forgue v. United States Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005)(internal quotations and citations omitted). The substantial evidence test is "highly deferential" and does not allow "re-weigh[ing] the evidence from scratch." Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1236 (11th Cir. May 5, 2006)

3

(quoting Mazariegos v. U.S. Att'y Gen., 241 F.3d 1320, 1323 (11th Cir. 2001)). "To reverse the IJ's fact findings, [we] must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003) (considering withholding of removal claim). The fact that evidence in the record may also support a conclusion contrary to the administrative findings is not enough to justify a reversal. Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004), cert. denied, 125 S.Ct. 2245 (2005). "Credibility determinations likewise are reviewed under the substantial evidence test." D-Muhumed v. United States Attorney Gen., 388 F.3d 814, 818 (11th Cir. 2004). "A credibility determination, like any fact finding, may not be overturned unless the record compels it." Forgue, 401 F.3d at 1287 (internal quotations and citations omitted).

Adverse credibility determinations must be made explicitly. See Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). "The trier of fact must determine credibility, and [we] may not substitute [our] judgment for that of the IJ with respect to credibility findings." D-Muhumed, 388 F.3d at 818. "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." Forgue, 401 F.3d at 1287 (citations omitted). "[A]n adverse credibility determination alone may be sufficient to support the denial of an asylum

4

application" when there is no other evidence of persecution. Id. However, an adverse credibility determination does not alleviate the IJ's duty to consider other evidence produced by the asylum applicant. Id. The "IJ must consider *all* the evidence introduced by the applicant." (emphasis in original).

Bearing the above principles mind, we conclude that substantial evidence supports the IJ's adverse credibility finding because the IJ gave specific, cogent reasons for his credibility determination, and the record supports practically all of his findings that Marku's testimony was implausible and inconsistent with his prior sworn statements. In addition, Marku failed to provide any corroborating evidence in support of his claim that he was forced to serve as a guard for the Serbians during the 1999 conflict or be killed, or that his family was still suffering persecution because he served as a guard. However, neither the BIA nor the IJ considered the adverse credibility finding dispositive, so we continue to Marku's claims regarding nexus.

An alien who arrives in or is present in the United States may apply for asylum. INA § 208(a)(1), 8 U.S.C. § 1158(a)(l). The Attorney General or Secretary of the DHS has discretion to grant asylum if the alien meets the INA's definition of a "refugee." INA § 208(b)(l), 8 U.S.C. § 1158(b)(1). The INA defines a "refugee" as

> any person who is outside any country of such person's nationality. . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political

5

opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status. Al Najjar v. Ashcrofl, 257 F.3d 1261, 1284 (11th Cir. 2001). To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a), (b); see Al Najjar, 257 F.3d at 1287. "Demonstrating such a connection requires the alien to present specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of [a statutory factor]." Al Najjar, 257 F.3d at 1287 (internal quotations and citation omitted) (emphasis in original).

As an initial matter, Marku's claim that the BIA failed to consider his claims regarding nexus is contradicted by the BIA's explicit findings. Further, substantial evidence supports the conclusions of the BIA and the IJ that Marku failed to establish a nexus between the feared harm and a protected ground for asylum. Even accepting his claims as true, evidence shows that in 1998, Marku was forced to serve as a guard for the Serbians, and three years later, he was beaten as revenge by six Albanian men. Prior to this incident, he was never bothered by those men. After the incident, the petitioner had no further incidents. While Marku presented some evidence that ethnic

6

Albanians who assisted the Serbians have been persecuted, this evidence does not compel us to reverse the IJ and BIA's conclusion.

Upon review of the record and consideration of the parties' briefs, we discern no reversible error. Accordingly, we deny Marku's petition for review.

**PETITION DENIED.**